UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IVAN MINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01446-TWP-MJD |
| ) | |
| CREDIT PROTECTION ASSOCIATION, LP, ) | |
| and DOE 1-5, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION FOR JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendants Credit Protection Association, LP ("CPA") and DOE 1-5 (collectively, "Defendants") motion for judgment on the pleadings. Plaintiff Ivan Mino's ("Mr. Mino") filed a Complaint against the Defendants alleging violation of 15 U.S.C. §§ 1692d(6) and 1692e(11) and CPA has moved for dismissal under Federal Rule of Civil Procedure 12(c). For the reasons set forth below, CPA's Motion for Judgment on the Pleadings (Dkt. 15) is **GRANTED**

**I.   BACKGROUND**

The facts in this case are brief.  In late 2011, CPA, by an unknown employee, attempted to contact Mr. Mino telephonically to collect a debt and left the following voicemail message ("the Message"):

> If this is not [Ivan Mino], please discontinue listening to this message.  This is Credit Protection Association calling concerning an important business matter.  Please call us back at 1-877-278-5106.  Please refer to account reference number [Mr. Mino's account number].  This is an attempt by a debt collector to collect a debt and any information received will be used for such purposes.  Again, our phone number is 1-877-278-5106.  Thank you.

Dkt. 1, p. 2, & 6.

Mr. Mino filed a Complaint in this Court on October 2, 2012, alleging CPA violated 15 U.S.C. §§ 1692d(6) and 1692e(11) of the Fair Debt Collections Practices Act ("FDCPA"), §1692 *et seq.*, because one of CPA's debt collectors left the Message without giving his or her name. Mr. Mino seeks $1,000.00 in statutory damages, $1,555.00 in actual damages, prejudgment interest, attorneys' fees, and costs.

CPA filed its Answer to the Complaint (Dkt. 14) on December 19, 2012, and denied it violated the FDCPA, but admitted it left the Message.

## II.   LEGAL STANDARD

Either party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c) ("Rule 12(c)"). A motion for judgment on the pleadings under Rule 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A complaint need not make detailed factual allegations to survive a Rule 12(c) motion for judgment on the pleadings, but it must contain more than labels and conclusions or a formalistic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations and internal quotations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making its determination, the court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *Mallett v. Wis. Div. of Vocational Rehab.*, 130 F.3d 1245, 1248 (7th Cir. 1997); *Porter v. DiBlasio*, 93 F.3d 301, 305

(7th Cir. 1996). However, the principle that the allegations in the complaint must be accepted as true does not apply to conclusions of law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Tombly*, 550 U.S. at 555). Accordingly, the facts outlined above are accepted as Mr. Mino alleges them.

### III. DISCUSSION

Mr. Mino claims that CPA committed harassment under § 1692d(6) of the FDCPA because the caller did not include his or her personal name. CPA counters that the FDCPA only requires the caller to identify the company's name and that the call is being made to collect on a debt. The Seventh Circuit has not spoken on whether the omission of the caller's personal name alone is enough to constitute a violation of § 1692d(6), but the Court finds that Congress did not intend to create a right of action solely because the employee of a debt collection company fails to give his or her own name while complying with the rest of the FDCPA. For the purposes of this Entry, the Court assumes the Message occurred in the manner alleged by Mr. Mino. Also, CPA has admitted it was attempting to collect a debt from Mr. Mino, so the Court finds CPA was engaged in the collection of a debt from Mr. Mino.

**A.     Section 1692d(6)**

Debt collectors commit harassment when the natural consequence of their debt collection practices harasses, oppresses, or abuses a debtor in collecting the debt. 15 U.S.C. § 1692d. One way a debt collector commits harassment is by making telephone calls to a person without providing a "meaningful disclosure" of the caller's identity. 15 U.S.C. § 1692d(6). Although there appears to be disagreement between courts about what counts as "meaningful disclosure," a court within the Seventh Circuit has found that § 1692d(6) only requires the debt collector inform the debtor 1) of the name of the debt collection company, and 2) that the purpose of the

telephone call was for the collection of the debt. *Pawelczak v. Fin. Recovery Servs., Inc.*, 286 F.R.D. 381, 387 (N.D. Ill. 2012) (citing *Hutton v. C.B. Accounts, Inc.*, No. 10-3052, 2010 WL 3021904, *3 (N.D. Ill. Aug. 3, 2010)). Other courts have suggested that a debt collector employee must give his or her personal name, but those courts have not been faced with the issue of whether the omission of the personal name alone is sufficient to warrant § 1692d(6) relief. *See, e.g.*, *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1107-08 (C.D. Cal. 2005).

Mr. Mino asks this Court to include the employee's personal name as an essential component of meaningful disclosure, but he does not cite to authority that supports his claim. *Hosseinzadeh*, as Mr. Mino points out, is frequently cited, but that court addressed whether a caller had to identify his employer as a debt collector and not whether a personal name was required. *Id.* at 1110-11. Indeed, all of the calls in *Hosseinzadeh* contained the personal names of the callers. In light of this distinction, the *Hosseinzadeh* court's presumption that a caller must state his or her own personal name provides little guidance in this case. *Id.* at 1112. Mr. Mino cites several other cases that the Court finds unpersuasive for similar reasons. *See, e.g.*, *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007) (caller did not say she was from a collection agency or that she was calling to collect a debt); *Baker v. Allstate Fin. Servs., Inc.*, 554 F.Supp.2d 945 (D.Minn. 2008) (defendant's collectors identified themselves by proper name, but did not identify the reason for their call).

The facts alleged by Mr. Mino do not show that he was provided with less-than-meaningful disclosure. Although the FDCPA is a strict liability statute, a reasonable debtor's state of mind is "always relevant." *Ruth v. Triumph P'ships.*, 577 F.3d 790, 800 (7th Cir. 2009) (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645-46 (7th Cir. 2009)). Claims brought under the FDCPA are analyzed under the "unsophisticated debtor" standard. *Gammon*

*v. Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).  The Seventh Circuit modified the "least sophisticated debtor" approach from other circuits and stated that the unsophisticated debtor approach protects "the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness." *Id.*  The reasonableness element "shields complying debt collectors from liability for unrealistic or peculiar interpretations." *Id.*

An "unsophisticated debtor" would have ascertained enough information from the Message to understand the nature of the call was to collect a debt for CPA and was therefore "meaningful."  Section 1692d(6) provides relief for recipients of calls from debt collectors who have misled the recipient about the "purpose of the call or the reason the questions are being asked." *Hosseinzadeh*, 387 F. Supp. 2d at 1112.  Here, the Message provided a meaningful disclosure of CPA's identity and included that the purpose of the Message was to collect a debt.  Mr. Mino was also given CPA's telephone number and was told to provide his account number when returning the call.  Mr. Mino is assumed to have been able to make basic deductive logical conclusions from listening to the Message and determine what steps he would need to follow, if any.

Mr. Mino suffered no cognizable harm from the caller's omission of his or her personal name, so it cannot be considered an essential element of "meaningful disclosure."  He asserts that "[i]f a consumer is facing harassment or some other collection violation resulting from telephone calls, the consumer should be able to identify the individual collector responsible." Dkt. 25 at 6.  He also expresses concerns that locating the caller among hundreds or thousands employees across multiple regions or countries would frustrate his right to hold the caller and CPA jointly and severally liable under § 1692d(6). Dkt. 25 at 6 (citing *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009)).  This argument is

without merit within the Seventh Circuit because the *Robinson* court rejected the Seventh Circuit's opinion that holding the caller individually liable requires piercing the corporate veil. *Id.* (citing *Pettit v. Retrieval Masters Creditor Bureau*, 211 F.3d 1057, 1059-60 (7th Cir. 2000)). This Court finds *Pettit* controlling and determines that a frustrated ability to locate a caller does not give rise to a § 1692d(6) claim unless the plaintiff can pierce the corporate veil. Mr. Mino has not made such an attempt. If there is any other harm that Mr. Mino could have suffered from the Message, he has not alleged it.

Furthermore, Congress did not intend for "meaningful disclosure" to include harmless omissions. Congress sought to prohibit "a host of harassing, deceptive, and unfair debt collection practices," including the following: "threats of violence; obscene language; the publishing of 'shame lists;' harassing or anonymous telephone calls; . . . [and] misrepresenting the consumer's legal rights." S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695. Those objectives would not be advanced by holding CPA liable in this case. Mr. Mino has not alleged CPA engaged in any conduct that Congress wished to prevent. Indeed, the evidence as alleged by Mr. Mino shows that CPA even attempted to safeguard his privacy by asking anyone other than Mr. Mino to stop listening to the Message immediately.

CPA did not mislead Mr. Mino about the purpose of the Message or why the caller sought to contact him, and the omission of the caller's personal name did not prejudice Mr. Mino in any way. As such, the Court finds that the Message contained "meaningful disclosure of the caller's identity" because it informed Mr. Mino that it was CPA attempting to contact him to collect a debt, and he was given enough information to return the call. The caller's personal name was not essential to that purpose. Therefore, Mr. Mino has failed to state a plausible claim against CPA under § 1692d of the FDCA.

### B. Section 1692e(11)

Mr. Mino concedes CPA's message satisfied the requirements of § 1692e(11). Dkt. 25 at 8. Therefore, the Court finds that this argument is waived.

### C. Claim Against Doe 1-5

As stated above, the Seventh Circuit requires that a plaintiff pierce the corporate veil before it will hold a personal caller liable under the FDCPA. *Pettit*, 211 F.3d at 1059. Mr. Mino has not attempted to pierce the corporate veil, so the claim against Doe 1-5 is unsustainable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** CPA's Motion for Judgment on the Pleadings (Dkt. 15). Mr. Mino's Complaint against CPA is **DISMISSED with prejudice**. Upon the Court's motion, Mr. Mino's claim against Doe 1-5 is also **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 08/07/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Amador
CENTENNIAL LAW OFFICES
r.amador@centenniallawoffices.com

Avanti Deepak Bakane
HINSHAW & CULBERTSON, LLP
abakane@hinshawlaw.com

Justin M. Penn
HINSHAW & CULBERTSON, LLP
jpenn@hinshawlaw.com